Rosenfeld Consulting, LLC v OmniVere, LLC (2018 NY Slip Op 00460)





Rosenfeld Consulting, LLC v OmniVere, LLC


2018 NY Slip Op 00460


Decided on January 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 25, 2018

Acosta, P.J., Renwick, Kapnick, Kahn, Kern, JJ.


5539 651650/15

[*1]Rosenfeld Consulting, LLC, Plaintiff-Appellant,
v
OmniVere, LLC, et al., Defendants-Respondents.


Steven J. Harvis, Briarcliff Manor, for appellant.
Bernstein & Associate, PLLC, Scarsdale (Robert B. Bernstein of counsel), for Omnivere, LLC, respondent.
Winget Spadafora & Schwartzberg LLP, New York (Dianna D. McCarthy of counsel), for Erik S. Post, respondent.



Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered December 2, 2015, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss plaintiff's causes of action for promissory estoppel, unjust enrichment, and fraud, unanimously affirmed, with costs.
Plaintiff alleges that it was entitled to receive a $1 million commission from nonparties Intelligent Discovery Management, LLC (IDM), Saul Friedman and members of Saul Friedman's family (together, the IDM parties) in connection with an asset purchase agreement between defendant OmniVere, as purchaser, and IDM and another nonparty company, as sellers. Plaintiff alleges that, after the IDM parties insisted on paying it consideration worth only $600,000, defendants orally promised to pay the remaining $400,000 commission owed by the IDM parties so that plaintiff would not take legal action against the IDM parties and thereby jeopardize the transaction.
In support of their motion to dismiss, defendants submitted documentary evidence establishing that plaintiff's principal entered into a release agreement with the IDM parties, which, in exchange for consideration worth $600,000, broadly released against the IDM parties and their affiliates claims arising out of plaintiff's services for the IDM parties. The valid release, which was broad enough to encompass OmniVere as an affiliate, is a complete bar to the claims against OmniVere (see Allen v Riese Org., Inc., 106 AD3d 514, 516 [1st Dept 2013]). Plaintiff's evidence in opposition to the motion failed to show that defendants made a clear and unambiguous promise to pay plaintiff the remaining commission amount.
Plaintiff's "[g]eneral allegations" that defendants "entered into a contract while lacking the intent to perform it are insufficient to support" its fraud claim (New York Univ. v Continental Ins. Co., 87 NY2d 308, 318 [1995]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 25, 2018
CLERK